**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PRIMEDIA, INC.**

**VS.** **C.A. NO.: 06-449 ML**

**CARITAS CHRISTI, A MASSACHUSETTS CORPORATION, ET AL**

**RULE 16 STATEMENT**

Now comes the Plaintiff by and through its counsel in the above matter and reports to the Court as to the above referenced matter as follows.

The matter pending before this court involves a breech of contract between the Plaintiff and the Defendants and the Plaintiff's action to seek payment for services rendered pursuant to that contract. The Defendants had retained the services of the Plaintiff who, in essence, is a media buyer for the Defendant's advertising. It was the Plaintiff's job to place advertisement on behalf of the Defendant and its various hospitals under its corporate umbrella with such places as TV stations, radio station as well as yellow page advertising. By the Plaintiff providing these services, it would afford the Defendant hospitals an opportunity to pick and choose those areas that would best serve their interest as well as to allow the Plaintiff to place such advertisements in bulk that would afford large savings to the Defendant as it relates to its media budget. The parties initially entered into this agreement on or about September of 2005 at which point Plaintiff proceeded to handle all of the research, planning and placement of the Defendant's media for their benefit. The terms and conditions were clearly spelled out in their original agreement. It was the Plaintiff's job to place the media and to ensure that the Defendants obtained the best pricing as well as the best times and locations for the ads that they were seeking to be run. At all times relevant herein, the Defendant acknowledged that they were ultimately responsible for the billing from the media, although the practice called for the Plaintiff to simply bill the Defendant accordingly and to ensure that the payments were made on a prompt basis to protect the Defendants. At some point in time, this relationship apparently began to break down. The majority of the

bills in question relate back to August of 2006, although there are some in September and one in June of 2006.

The total debt sued upon is Two Hundred Thirty Four Thousand, Nine Hundred Thirty Two and 99/100 ($234,932.99) Dollars. Plaintiff can advise the Court that there has been significant discussions and communications between counsel for both sides to try to resolve this situation and the parties have in fact brought the outstanding disputed balance down considerably. Subsequent to a tender of payment as a settlement, which is being held in escrow by Plaintiff's counsel, further discussions have lead to a reduction of the disputed items, which at this point in time, Plaintiff believes to be Eighty Four Thousand, Seven Hundred Twenty Eight and 57/100 ($84,728.57) Dollars. This appears to be the remaining disputed figure assuming the payments being held by Plaintiff and its counsel may be released and applied to the debt. It appears that the Defendants are disputing those invoices, which deal strictly with funds that would be directly due to the Plaintiff and does not have anything to do with the actual media debt itself. The amounts in question relate to certain cancellation fees or termination fees that Plaintiff is seeking based upon the actions of the Defendant. It is this issue that the Court and/or Magistrate could determine, which would probably bring final resolve to this matter. Plaintiff believes it is clear that the early termination fee is due and owing to them as specified by the terms and conditions of the agreement entered into between the parties.

It is these remaining few invoices as well as an issue regarding a payment for a bounced check that would resolve the balance. As stated previously, it is the Plaintiff's position that the difference between the parties at this point in time has now shrunk to approximately Eighty Five Thousand ($85,000.00) Dollars, all of which would be fees due Plaintiff. The other funds being held at this point in time involve some fees and a majority relating to billing from vendors or media that would have to be paid on Defendant's behalf. Obviously, the Plaintiff has no problem simply accepting the funds due them and to allow the Defendant to pay the media vendors directly as they see fit.

As stated and as required by the notice, it would appear at this point in time, the only issue relates to these remaining invoices and whether or not the Plaintiff is entitled to receive the termination and cancellation fees as requested.

As it relates to discovery, it is Plaintiff's position that they have provided the Defendants with a majority if not all of the documentation currently in its possession. Plaintiff has taken no action against the Defendant for any discovery at this point in time although, if necessary, there are several individuals who may have to be deposed as it relates to the outstanding obligation that is being questioned and disputed.

PRIMEDIA, INC.
By its Attorney,

/s/ Marc D. Wallick______________________

Marc D. Wallick, Esq. #2152
WALLICK & ASSOCIATES, LTD.
51 Jefferson Boulevard
Warwick, RI 02888
(401) 461-0100

**CERTIFICATION**

I hereby certify that a true copy of the within Rule 16 Statement was electronically sent to William T. Murphy, Attorney For Defendant and Clerk of Court on this 30th day of January, 2007.

/s/ Robyn Carpenter___________________

rc c:\docs\rule-caritas