**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PRIMEDIA, INC.**

**VS.** **C.A. NO. 06-449 ML**

**CARITAS CHRISTI, A MASSACHUSETTS CORPORATION, ET AL.**

**Defendant's Rule 16 Statement**

Caritas Christi is a Massachusetts not for profit corporation which supplies certain administrative and support services to the Caritas Christi health care system. Caritas Christi contracted with Primedia, Inc. to purchase and place advertising and other "outreach" through various media.

The dispute essentially arises from the application of payments to particular invoices. Essentially, through direct conference among the parties and "inside" counsel, the amount in controversy has been reduced from approximately $235,000 to approximately $85,000. Plaintiff's counsel and/or the plaintiff have received and are holding approximately $150,000 in escrow.

The remaining controversy involves $85,000. Approximately $50,000 involves invoices where Primedia has apparently entered into contracts with third party vendors for the benefit of Caritas Christi. The defendant's major concern over these invoices is the application of the funds to the claims of the third party vendors. Caritas Christi wishes to extinguish any claim which the third party vendors might bring directly against Caritas Christi on any theory, such as *quantum meruit*.

The remaining $35,000 in controversy involves interpretation of a contract. The contract provides a cancellation penalty. Primedia's position evidently is that Caritas Christi cancelled the contract and is liable for the penalty. Caritas Christi, on the other hand, contends that Caritas Christi timely notified Primedia that there would be no renewal of the contract. There was no cancellation, simply a non-renewal.

Caritas Christi believes that this is an ideal case for alternative dispute resolution, in the event the parties are not able to resolve the controversy completely within the next forty-five days.

This is a case which the Court might be able to decide as a matter of contract interpretation. Plaintiff believes that if discovery is necessary, it can be completed within three months.

Finally, thought not explicitly stated, the Court's jurisdiction here appears to be based upon diversity. As this case develops, it might become apparent that the Court lacks subject matter jurisdiction because of the amount in controversy.

Dated: January 31, 2007

Defendants,

By ______________________

William T. Murphy
William T. Murphy Law Offices, Inc.
312 Turks Head Building
P.O. Box 9623
Providence, RI 02940-9623
Tel: 401-459-6700
Fax: 401-751-5931

Certificate of Service

I, the undersigned, certify that I served a copy of the above upon counsel of record in a manner authorized by the Rules of Civil Procedure and the Rules of this Court on January 31, 2007.

______________________